By the Court.—Spencer, J.
The plaintiff in this case was a boy about twelve years of age when he testified on the trial, and was about ten years of age at the time of the accident. His testimony in regard to the circumstances was not very clearly given, and is materially contradicted by other witnesses. If the jury based there verdict upon his testimony as to the action of the driver (the alleged servant of defendant), in the premises, this judgment should most certainly be reversed, for he (the plaintiff), testified (substantially) that the driver saw him distinctly, and drew the whip upon and struck him. That the end of the lash was in his (driver’s) hand with the butt end of the whip, and when he struck plaintiff, he let the lash go and it wound around plaintiff’s neck, and he was thus caught and pulled along, and while he (plaintiff) was down on the *140 track, the lash became loosened. That he (driver) jerked it (the whip) and threw him under the car. The defendants could not be held for the acts of the driver, . of this willful and wicked character. This question was raised by the defendant’s counsel on the trial, in the motion for a dismissal, and also in the requests to the court to charge; and the court charged the jury especially and clearly on this point, and it is proper to presume that they followed the direction of the court in the premises and disregarded the testimony of the plaintiff in regard to the facts attending the accident. I use the word accident, for, upon a review of ail the testimony, I conclude it was an accident,—an event happening without either negligence or design on the part of the defendant’s servant, and certainly without design on the part of the plaintiff. I cannot resist the impression that affects my mind from the testimony in the case, that plaintiff was guilty of negligence, in running alongside of the car and so near to the same that he could reach out and catch hold of it. The other boys were intent upon mounting the car, as appears from plaintiff’s testimony, and the facts in the case convince me that such was plaintiff’s intention. At any rate, I deem his action in the premises as very hazardous to, and negligent of, his own personal safety. I think the jury did not consider this point in the case. But - assuming that they disregarded the testimony of plaintiff as to the willful action of the driver, and Were correct in their conclusion that plaintiff was not guilty of any negligence that contributed to his injury, I cannot realize how they could reach the conclusion that the driver was guilty of negligence in the premises. I think his statement as to his action, and particularly as to the use of his whip, must be received as the true version of the facts attending this event, so far as he (the driver) in any way, participated therein ; for his testimony is not contradicted by any other witness, excepting the plaintiff, *141 whose statement mnst have been ignored by the jury. How the driver’s testimony establishes that he used his whip with care, and in the ordinary way, without intending to hit the plaintiff or anyone else. That he did not see the plaintiff, nor know that he was .near, or that he was injured at the time. That he never let go the end of the lash, which he hek\with the butt end of his whip-stock, in his hand, striking out or back with the whip in that condition, when it was suddenly twitched or jerked from his hand; and he stopped the car as soon as possible, and after the accident he learned, for the first time, that the boy had been thrown down and injured. From his testimony, and from all of the witnesses, except the plaintiff, I cannot find any negligence established, that occasioned or contributed to the injury. The burden of proving or establishing such negligence on the part of the defendant, was upon the plaintiff, and I am of the opinion,, that he failed to furnish any evidence proving the same, and the motion to dismiss the complaint should have been granted.
The judgment should be reversed and a new trial ordered, costs to, abide the event.